UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD PAGE | CIVIL ACTION |
| VERSUS | NO. 17-4779 |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. | SECTION "R" (5) |

# ORDER AND REASONS

Before the Court is defendant's unopposed motion to continue trial.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises out of an alleged accident on Defendant Transocean Offshore Deepwater Drilling, Inc.'s vessel, the M/V DEEPWATER ASGARD.[2] Plaintiff Chad Page asserts that, while employed on defendant's vessel in August 2015, he experienced an accident that resulted in serious injuries to his back and other parts of his body.[3] On May 8, 2017, plaintiff filed a seaman's complaint for damages.[4] Plaintiff alleges that defendant

---

[1] R. Doc. 11.
[2] R. Doc. 1 at 2.
[3] *Id.*
[4] *Id.* at 1.

failed to provide a reasonably safe place to work and engaged in other acts of negligence.[5] Plaintiff seeks maintenance and cure benefits, damages, and other relief.[6] The Court entered a scheduling order in this case that established a discovery deadline of May 8, 2018, and a trial date of June 18, 2018.[7] Defendant now moves to continue trial and pretrial deadlines.[8]

## II. DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enterprises, LLC. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix,* 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular

---

[5]  *Id.* at 2.
[6]  *Id.* at 3-4.
[7]  R. Doc. 8 at 2-3.
[8]  R. Doc. 11.

case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000)).

Defendant first argues that trial should be continued for 90 days because plaintiff is not at maximum medical improvement.[9] Plaintiff's alleged accident occurred in August 2015, over two and a half years ago.[10] Defendant represents that plaintiff's treating physician's assistant recently stated that additional lumbar surgery may be necessary.[11] But defendant offers no evidence to suggest that plaintiff's medical condition is likely to change substantially within 90 days of the current trial date, and instead acknowledges that it is unknown when plaintiff will reach maximum medical improvement.[12] Given the length of time since plaintiff's accident, the Court declines to continue trial based on the mere possibility that additional surgery may be necessary at an unknown future date.

Defendant further contends that trial should be continued because the parties need additional time to depose fact witnesses and plaintiff's treating

---

[9] R. Doc. 11 at 1.
[10] R. Doc. 1; R. Doc. 11-1 at 1.
[11] R. Doc. 11-1 at 3.
[12] *Id.*

physicians.[13] Defendant states that some of the fact witnesses work offshore, are no longer employed by defendant, or live out of state.[14] Several of plaintiff's treating physicians are also located out of state.[15] But defendant does not explain why the parties did not begin trying to schedule these depositions earlier. Additionally, the discovery deadline in this case is May 8, 2018.[16] The Court finds that the parties have sufficient time to take these depositions within the next two months.

Finally, defendant argues that the parties need additional time to prepare expert reports.[17] Plaintiff's expert reports are due March 9, 2018, and defendant's expert reports are due April 9, 2018.[18] The Court finds that a short extension of these deadlines is warranted. Each party shall have an additional 30 days to complete their expert reports. Any motions *in limine* regarding the admissibility of expert testimony shall be filed and served in sufficient time to permit hearing thereon no later than May 30, 2018.

---

[13] *Id.* at 4.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 8 at 2.
[17] R. Doc. 11-1 at 5.
[18] R. Doc. 8 at 2.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion to continue trial is DENIED.

IT IS FURTHER ORDERED that plaintiff's expert reports shall be due no later than **April 9, 2018**, and defendant's expert reports shall be due no later than **May 9, 2018**. Any motions *in limine* regarding the admissibility of expert testimony shall be filed and served in sufficient time to permit hearing thereon no later than **May 30, 2018**. All other deadlines set out in the Court's scheduling order remain unchanged.

New Orleans, Louisiana, this __9th__ day of March, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE